UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER ONTIVEROS, | Case No. SACV 08-1390-OP |
| Plaintiff, | |
| v. | MEMORANDUM OPINION; ORDER |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | |

The Court[1] now rules as follows with respect to the disputed issues listed in the Joint Stipulation ("JS").[2]

///
///
///
///

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the United States Magistrate Judge in the current action. (See Dkt. Nos. 8, 9.)

[2] As stated in the Court's Case Management Order, the decision in this case is being made on the basis of the pleadings, the Administrative Record, and the Joint Stipulation filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

1

# I.
# **DISPUTED ISSUES**

As reflected in the Joint Stipulation, the disputed issues which Plaintiff raises as the grounds for reversal and/or remand are as follows:

1. Whether the Administrative Law Judge ("ALJ") properly evaluated the lay witness testimony;
2. Whether the ALJ considered the State Agency psychiatrist's opinion;
3. Whether the ALJ posed a complete hypothetical to the vocational expert ("VE"); and
4. Whether the ALJ properly considered the type, dosage, effectiveness, and side effects of Plaintiff's medications.

(JS at 3.)

# II.
# **STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); Desrosiers v. Sec'y of Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (citation omitted). The Court must review the record as a whole and consider adverse as well as supporting evidence. Green v. Heckler, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984).

# III.

# DISCUSSION

## A. The ALJ's Failure to Discuss Lay Witness Testimony Was Harmless Error.

Plaintiff contends the ALJ failed to provide germane reasons for rejecting the testimony of the lay witnesses, Kim Ellerbee and Jeff Fagin. (JS at 3-5, 7.)

Title 20 C.F.R. §§ 404.1513(d) and 416.913(d) provides that, in addition to medical evidence, the Commissioner "may also use evidence from other sources to show the severity of [an individual's] impairment(s) and how it affects [her] ability to work." Further, the Ninth Circuit has repeatedly held that "[d]escriptions by friends and family members in a position to observe a claimant's symptoms and daily activities have routinely been treated as competent evidence." Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987). This applies equally to the sworn hearing testimony of witnesses (see Nguyen v. Chater, 100 F.3d 1462, 1467 (9th Cir. 1996)), as well as to unsworn statements and letters of friends and relatives. See Schneider v. Comm'r, Soc. Sec. Admin., 223 F.3d 968, 974 (9th Cir. 2000). If the ALJ chooses to reject such evidence from "other sources," he may not do so without comment. Nguyen, 100 F.3d at 1467. When rejecting lay witness testimony, the ALJ must provide "reasons that are germane to each witness." Dodrill v. Shalala, 12 F.3d 915, 919 (9th Cir. 1993).

The ALJ is not relieved of his obligation to comment upon lay witness testimony simply because he has properly discredited the plaintiff's testimony. To find otherwise would be based upon "the mistaken impression that lay witnesses can never make independent observations of the claimant's pain and other symptoms." Id. The ALJ's failure to address the witness' testimony generally is not harmless. Curry v. Sullivan, 925 F.2d 1127, 1131 (9th Cir. 1991). In failing to address a lay witness' statement, the error is harmless only if "a reviewing court . . . can confidently conclude that no reasonable ALJ, when fully crediting the

testimony, could have reached a different disability determination." Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1056 (9th Cir. 2006); see also Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir. 2006).

### 1. Testimony of Jeff Fagin.

Plaintiff claims that the ALJ failed to provide germane reasons for rejecting the statements of Jeff Fagin. (JS at 3-5.) Specifically, on November 21, 2007, Mr. Fagin wrote a letter to Plaintiff, issuing a "99 year Trespass Warning" regarding the premises of Knott's Berry Farm for "hostile and abrasive behavior" in violation of the employee handbook. (Administrative Record ("AR") at 226.) Plaintiff allegedly punched a wall "after becoming angry because [he] could not see a female employee [he] wanted to talk with." (Id.)

Here, while the ALJ discredited the other lay witness testimony and Plaintiff's credibility, the ALJ failed to address the lay witness testimony of Mr. Fagin. (AR at 17.) However, the ALJ's failure to discredit the testimony of Mr. Fagin is harmless error because the ALJ would not have reached a different disability determination having considered it. Stout, 454 F.3d at 1056; see also Robbins, 466 F.3d at 885. This is because Mr. Fagin's statements were merely corroborative of other evidence in the record, namely Plaintiff's previous assault and subsequent incarceration. (AR at 17.) Additionally, at the hearing, the ALJ was skeptical about the probative value, if any, of Mr. Fagin's letter. (Id. at 76-77.) Moreover, even if the ALJ had considered Mr. Fagin's statements, the statements would have been entitled to little probative value, as there was no evidence that Mr. Fagin had any personal or ongoing contact with Plaintiff. Dodril, 12 F.3d at 919; see also SSR 06-03p (for non-medical sources, such as parents, it is "appropriate to consider such factors as the nature and extent of the relationship").

Under these circumstances, the Court can confidently conclude that no reasonable ALJ considering this case would have reached a different conclusion

had he expressly addressed Mr. Fagin's statements. Accordingly, the ALJ's failure to address that testimony was harmless and does not warrant reversal.

### 2. **Testimony of Kim Ellerbee.**

Plaintiff also argues that the ALJ failed to consider the testimony of Kim Ellerbee. (JS at 7.) The Court disagrees.

Here, the ALJ explicitly summarized and partially discredited Ms. Ellerbee's testimony. The ALJ provided:

> The record also contains a third party statement of record submitted by Kim Ellerbee, who identified herself as a friend of the claimant's for the past 14 years who saw him several times a week for short periods (Ex 1E). Her statements note that the claimant seems confused and lethargic. She notes that the claimant does not do much which corroborates the complaint of his mother that he sits around the house or stays in his room. She further indicated that the claimant gets nervous around people but on the other hand, that he regularly attended church and visited family households. A limitation included in the claimant's residual functional capacity for a non-public work environment would subsume any implications in social functioning. Such as it is, her statement is merely an observation and not a diagnosis.

(AR at 17.) The ALJ partially discredited Ms. Ellerbee's testimony, as it was cumulative of other lay witness testimony which was properly rejected.[3] (Id.) As to Ms. Ellerbee's other statements, the ALJ specifically considered the testimony and even included a non-public limitation as to Plaintiff's residual functional capacity ("RFC"). (AR at 15.) Thus, Plaintiff provides no basis for his argument that the ALJ failed to consider the testimony of Ms. Ellerbee.

Based on the foregoing, the Court finds that the ALJ provided sufficient

---

[3] Notably, Plaintiff does not dispute the ALJ's rejection of the lay witness testimony of his mother, Yolanda Ontiveros.

reasons germane to the witness for giving her statement less weight. Thus, there was no error.

## B. The ALJ's Failure to Explicitly Consider the Opinion of the State Agency Psychiatrist Was Harmless Error.

Plaintiff contends that the ALJ failed to consider a mental RFC assessment by a State Agency psychiatrist. (JS at 7-9.) Plaintiff argues that the ALJ incorporated his previous decision, but he still failed to accept or reject the State Agency psychiatrist's findings. (Id.)

On May 5, 2006, Dr. Paul Balson reviewed the medical record and completed a mental RFC assessment. (AR at 264-80.) Plaintiff misstates the "Summary Conclusions" as equivalent to Plaintiff's mental RFC. (JS at 7-9.) Rather, Dr. Balson opined that there is no objective evidence of a severe mental functional impairment, and Plaintiff retains the mental RFC to attain or sustain simple, repetitive tasks. (AR at 280.) On reconsideration, Dr. Melvin Morgan reviewed the evidence and affirmed Dr. Balson's opinion that Plaintiff could perform simple, repetitive tasks. (Id. at 282.)

In his decision, the ALJ incorporated by reference the discussion of evidence set forth in the prior decision. (Id. at 16, 94-95.) The ALJ in the prior decision relied, inter alia, on the testimony of the medical expert, Dr. Stephen Wells, to determine that Plaintiff was limited to simple, repetitive tasks in a non-public work environment. (Id. at 95.) In the current decision, the ALJ also determined Plaintiff's RFC as medium exertional work limited to simple, repetitive tasks in a non-public work setting. (Id. at 15.) Thus, Dr. Balson's opinion is consistent with Dr. Wells' opinion and the ALJ's RFC determination, and any error by the ALJ to specifically address Dr. Balson's cumulative opinion is harmless. See Curry, 925 F.2d at 1131 (harmless error rule applies to review of administrative decisions

regarding disability).[4]

**C.     The ALJ Posed a Complete Hypothetical to the VE.**

Plaintiff claims that the ALJ erred by posing an incomplete hypothetical to the VE when the ALJ failed to include Dr. Balson's moderate mental limitations and hostile or abrasive behavior alleged in Plaintiff's second claim.  (JS at 7-9, 11-12.)  The Court disagrees.

"In order for the testimony of a VE to be considered reliable, the hypothetical posed must include 'all of the claimant's functional limitations, both physical and mental' supported by the record."  Thomas v. Barnhart, 278 F.3d 947, 956 (9th Cir. 2002) (quoting Flores v. Shalala, 49 F.3d 562, 570-71 (9th Cir. 1995)).  Hypothetical questions posed to a VE need not include all alleged limitations, but rather only those limitations which the ALJ finds to exist.  See, e.g., Magallanes v. Bowen, 881 F.2d 747, 756-57 (9th Cir. 1989); Copeland v. Bowen, 861 F.2d 536, 540 (9th Cir. 1988); Martinez v. Heckler, 807 F.2d 771, 773-74 (9th Cir. 1986).  As a result, an ALJ must propose a hypothetical that is based on medical assumptions, supported by substantial evidence in the record, that reflects the claimant's limitations.  Osenbrock v. Apfel, 240 F.3d 1157, 1163-64 (9th Cir. 2001) (citing Roberts v. Shalala, 66 F.3d 179, 184 (9th Cir. 1995)); see also Andrews v. Shalala, 53 F.3d 1035, 1043 (9th Cir. 1995) (although the hypothetical may be based on evidence which is disputed, the assumptions in the hypothetical must be supported by the record).

Here, as stated above, the ALJ properly discredited Plaintiff's claim regarding the alleged moderate mental limitations, as it was unsupported by the medical evidence.  See supra, Discussion Part III.B.  Additionally, the ALJ included a limitation for work in a non-public environment, which would account

---

[4] Notably, Plaintiff does not dispute the ALJ's RFC determination, nor does Plaintiff argue that the RFC finding is not based upon substantial evidence.  Thus, the Court declines to address the ALJ's RFC finding.

for Plaintiff's alleged "hostile and abrasive" behavior.[5]  Accordingly, there was no error in the ALJ's hypothetical questions to the VE which did not include a requirement for moderate mental limitations.  Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001) ("Because the ALJ included all of the limitations that he found to exist, and because his findings were supported by substantial evidence, the ALJ did not err in omitting the other limitations that Rollins had claimed, but had failed to prove.").

### D. The ALJ Did Not Err in Failing to Consider Plaintiff's Medications and Their Side Effects.

Plaintiff contends that the ALJ failed to consider the unspecified side-effects of Plaintiff's prescribed medications.  (JS at 13-14.)  The Court disagrees.

Under Ninth Circuit law, the ALJ must "consider *all* factors that might have a 'significant impact on an individual's ability to work.'"  Erickson v. Shalala, 9 F.3d 813, 817 (9th Cir. 1993) (quoting Varney v. Sec'y of Health & Human Servs., 846 F.2d 581, 585 (9th Cir.), relief modified, 859 F.2d 1396 (1988)).  Such factors "may include side effects of medications as well as subjective evidence of pain."  Erickson, 9 F.3d at 818.  When the ALJ disregards the claimant's testimony as to subjective limitations of side effects, he or she must support that decision with specific findings similar to those required for excess pain testimony, as long as the side effects are in fact associated with the claimant's medications.  See Varney, 846 F.2d at 545; see also Muhammed v. Apfel, No. C98-02952-CRB, 1999 WL 260974, at *6 (N.D. Cal. 1999).

However, medication side-effects must be medically documented in order to

---

[5] The hostile and abrasive behavior Plaintiff refers to stems from the lay witness testimony of Mr. Fagin.  (JS at 3-5.)  As the Court stated above, Mr. Fagin's statements would have been entitled to little probative value, as there was no evidence that Mr. Fagin had any personal or ongoing contact with Plaintiff.  See supra, Discussion Part III.A.1.

8

1 | be considered.  See Miller v. Heckler, 770 F.2d 845, 849 (9th Cir. 1985).  Despite
2 | Plaintiff's contentions, the objective medical record does not support the existence
3 | of medication side-effects.  While Plaintiff indicated that he suffers from "sleep"
4 | from Paroxetine and Risperdal (AR at 182), there is no evidence that he reported
5 | any side effects from his medications to his treating physicians or that his treating
6 | physicians reported any functional limitations due to his alleged side-effects (id. at
7 | 227-513).  Further, the record is devoid of any instances where Plaintiff
8 | complained of medication side-effects to his consultative physicians.  (Id.)
9 | Moreover, Plaintiff fails to cite to any medical evidence demonstrating that the
10 | alleged symptoms caused him any functional limitations.  See Osenbrock, 240 F.3d
11 | at 1164 (Side effects not "severe enough to interfere with [plaintiff's] ability to
12 | work" are properly excluded from consideration).  At the hearing, Plaintiff
13 | provided no testimony that he suffered from any medication side-effects or had any
14 | functional limitations from the alleged side-effects. (AR at 44-50.)  The only
15 | evidence regarding these alleged side-effects consists of Plaintiff's own statements
16 | to the Administration in his disability application.  Notably, the ALJ found
17 | Plaintiff to not be credible regarding his subjective symptoms.[6]  Accordingly, the
18 | ALJ found, that, "the claimant's daily activities, his response to treatment and the
19 | lack of side effects from medications, all serve to detract from his overall
20 | credibility."  (Id. at 17.)  Thus, there was no reason for the ALJ to consider any
21 | potential side-effects.

Based on the foregoing, the Court finds that the ALJ did not err by failing to consider the side effects of Plaintiff's medications.

///
///
///

---

[6] Plaintiff does not dispute the ALJ's credibility finding.

9

## IV.
## **ORDER**

Based on the foregoing, IT THEREFORE IS ORDERED that Judgment be entered affirming the decision of the Commissioner, and dismissing this action with prejudice.

Dated: November 24, 2009

/s/ Oswald Parada
HONORABLE OSWALD PARADA
United States Magistrate Judge